IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SHIJIE LIU,

      Petitioner,

vs.                                           No. CIV 26-0143 JB/GJF

PAMELA BONDI, in her official capacity as
U.S. Attorney General; MARCOS CHARLES,
in his official capacity as, Acting Executive Associate Director,
Enforcement and Removal Operations;
TODD M. LYONS, in his official capacity as
Acting Director, Immigration and Customs
Enforcement; KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of
Homeland Security; PATTI REYNOLDS, in her
official capacity as Director of ICE Albuquerque Field Office; and
GEORGE DEDOS, in his official capacity as
Warden of Cibola County Correctional Center,

      Respondents.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 31, 2026 (Doc. 20) ("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. PFRD at 32. To date, after the expiration of the fourteen-day deadline, no party files objections, and there is nothing in the record indicating that the PFRD is not delivered. The Court concludes that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion, and the Court therefore adopts it. Accordingly, the Court will grant in part and deny in part Petitioner's Verified Petition for Writ of Habeas and Complaint for Declaratory and Injunctive Relief (Doc. 2), filed January 23, 2026.

## LAW REGARDING OBJECTIONS TO THE PFRD

District courts may refer dispositive motions to a Magistrate Judge for a recommended

disposition.    See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement.").    Rule 72(b)(2) governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."    Fed. R. Civ. P. 72(b)(2).    Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the Magistrate Judge's disposition that has been properly objected to.    The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."    Fed. R. Civ. P. 72(b)(3).    Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Prop., with Bldgs, Appurtenances, Improvements, & Contents, Known as: 2121 East 30th Street, Tulsa Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel")(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)).    As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act[, 28 U.S.C. §§ 631-39], including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit has stated that "the district court correctly held that [a plaintiff] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007).[1]

---

[1] Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on a Tenth Circuit unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'"    One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate [judge']s order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")).    In One Parcel, the Tenth Circuit notes that the district judge decided sua sponte to conduct a de novo review despite the objections' lack of specificity, but the Tenth Circuit held that it would deem the issues waived on appeal because such actions would advance the interests underlying the waiver rule.    See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's PFRD "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980)("Raddatz").    The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation." In re Griego, 64 F.3d 580, 583-84 (10th Cir. 1995).    The Supreme Court of the United States has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's PFRD.    See Raddatz, 447 U.S. at 676 ("[I]n

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).    The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and assists the Court in its disposition of this Memorandum Opinion and Order.

- 4 -

providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.")(quoting 28 U.S.C. § 636(b)(1)).   See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may *accept*, reject, or modify, *in whole or in part*, the findings or recommendations made by the magistrate.'" (quoting 28 U.S.C. § 636(b)(1))(emphasis in Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cnty., Okla.)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's PFRD.  In Adams v. United States, 543 F. Supp. 3d 1165 (D.N.M. 2021)(Browning, J.), where the plaintiff fails to respond to the Magistrate Judge's PFRD, although the Court determines that the plaintiff "has waived his opportunity for the Court to conduct review of the factual and legal findings in the [PFRD]," the Court nevertheless conducted such a review.   543 F. Supp. 3d at 1168.  The Court generally does not review, however, the Magistrate Judge's PFRD de novo and determines independently necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where the Court cannot say that the Magistrate Judge's recommendation is "clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion."   Adams v. United States, 543 F. Supp. 3d at 1168.

This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and is more consistent with the waiver rule's intent than no review at all or a full-fledged review.  Accordingly, the

Court considers this standard of review appropriate.    See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate.").    The Court is reluctant to have no review at all if its name is at the bottom of the order adopting the Magistrate Judge's PFRD.

**ANALYSIS**

The Court reviews the PFRD carefully and the Verified Petition for Writ of Habeas and Complaint for Declaratory and Injunctive Relief, filed January 23, 2026 (Doc. 2).  The Court does not review the PFRD de novo, because the parties do not object to the PFRD, but rather reviews the PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  The Court determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.  Accordingly, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed March 31, 2026 (Doc. 20), is adopted; (ii) the Petitioner's Verified Petition for Writ of Habeas and Complaint for Declaratory and Injunctive Relief (Doc. 2), filed January 23, 2026, is granted in part and denied in part; (iii) the Petition is granted as to Counts I, II, III, V, and VI; (iv) the Petition is denied as to Count IV because the remedy requested is not ripe; (v) the Court orders an individualized bond hearing before an immigration judge be held within seven days; (vi) the Court enjoins Petitioner's transfer outside this judicial district while this habeas action is proceeding; (vii) the Court denies the request for a writ ordering his immediate release from custody; (viii) the Court denies the request to order the Government to bear the burden of proof at the bond hearing by clear and convincing evidence; (ix) the Court denies the request for an order staying removal to a third country until Petitioner receives at least 30 days' advance

written notice of the proposed country, an opportunity to gather evidence regarding that country, and a hearing on withholding and CAT claims specific to that country is denied as unripe; (x) the Court denies the request for 72 hours' advance notice of any attempted transfer is denied as moot; and (xi) the Court denies the request for an order to show cause requiring a response within three days is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Brian Scott Green
Law Office of Brian Green
Denver, Colorado

    *Attorneys for the Petitioner*

Todd Blanche
  Acting United States Attorney General
Ryan Ellison
  First Assistant United States Attorney
Allison Shokes
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for Respondents, Marcos Charles, Acting Executive Associate Director, Enforcement and Removal Operations, ICE, Todd M. Lyons Acting Director, United States Immigration and Customs Enforcement, Kristi Lynn Noem Secretary of Homeland Security, Pamela Jo Bondi Attorney General of the United States, in their official capacities*

Jacob B. Lee
Struck Love Acedo, PLC
Chandler, Arizona

    *Attorneys for Respondent George Dedos*